25-645-cv
*Goebel v. Brown & Brown of CT, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-six.

PRESENT:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Jay Goebel,

> *Plaintiff-Appellant,*

> v.                                                                       25-645

Brown & Brown of CT, Inc.,

> *Defendant-Appellee.*[*]

_____

_____

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PLAINTIFF-APPELLANT:                    Jay   Goebel,   *pro   se*,
                                            Stamford, CT.


FOR DEFENDANT-APPELLEE:                      Paula  N.  Anthony  and
                                             Emily  A.  Zaklukiewicz,
                                             Littler  Mendelson,  P.C.,
                                             New Haven, CT.


Appeal from a judgment of the United States District Court for the District of Connecticut (Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jay Goebel, *pro se*, appeals from the district court's grant of summary judgment for Brown & Brown of CT, Inc. in his action under the Americans with Disabilities Act ("ADA"). Goebel alleged that Brown & Brown terminated him after he refused to comply with the company's in-office mask requirement during the COVID-19 pandemic and asserted claims for disability discrimination and retaliation in violation of the ADA. Goebel moved for summary judgment, and Brown & Brown cross-moved for summary judgment. The district court denied Goebel's motion and granted Brown & Brown's motion, concluding that Goebel had failed to establish that Brown & Brown regarded him as disabled, and that Goebel failed to state a retaliation claim. We assume the parties'

2

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

The district court correctly granted Brown & Brown's motion for summary judgment. First, we agree that Brown & Brown was entitled to summary judgment on Goebel's discrimination claim. The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . the . . . discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The elements of an ADA claim are that: (1) the employer is subject to the ADA, (2) the employee is disabled or is perceived to be disabled as defined by the ADA, (3) the employee is qualified to perform the essential functions of the job, with or without reasonable accommodations, and (4) the employee suffers an adverse employment action because of his disability." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d

3

Cir. 2024). "The ADA protects not just those employees who are actually disabled, that is, employees who have a physical or mental impairment that substantially limits one or more major life activities, but also those who are discriminated against because they have a record of such an impairment or are regarded as having such an impairment." *Id.* at 166–67 (cleaned up).

Here, there was no evidence that Goebel was actually disabled or had a record of an impairment, and the district court correctly concluded that Goebel failed to establish that Brown & Brown regarded him as disabled. As this Court explained in *Sharikov*, "to be perceived as having a disability [under the ADA], one must be perceived as different from most people in the general population." *Id.* at 168. The record demonstrated—and Goebel did not dispute—that the in-office mask policy applied to all of Brown & Brown's employees, not just Goebel. Accordingly, the district court correctly concluded that Brown & Brown did not regard Goebel as disabled. *See id.* (concluding that employer did not regard plaintiff as disabled where employer "required *all* employees (other than those who received a religious or medical accommodation) to be vaccinated").

Second, we agree that Brown & Brown was entitled to summary judgment on any retaliation claim. "[T]he elements of a retaliation claim under . . . the ADA are (i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff

4

was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019) (quotation marks omitted).

Here, the evidence confirmed that Goebel was terminated because he refused to comply with Brown & Brown's company-wide in-office mask policy, not because he engaged in any protected activity. Accordingly, the district court properly granted summary judgment to Brown & Brown on Goebel's retaliation claim. *See Sharikov*, 103 F.4th at 171 (concluding that plaintiff failed to plausibly plead "a connection between his invocations of the ADA and his termination" because the company-wide vaccine policy "applied to all employees regardless of whether they had engaged in protected activity").

We have considered all of Goebel's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5